**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HECTOR SEGURA,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>　　　　　　　Defendants. | Case No.: 3:22-cv-01029-RBM-AHG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[Doc. 2]** |

On July 14, 2022, Plaintiff Hector Segura ("Plaintiff") filed a complaint against the City of San Diego and Does 1 through 10 ("Defendants"). (Doc. 1.) Plaintiff did not pay the required filing fee and instead filed a motion to proceed in forma pauperis ("IFP Motion"). (Doc. 2.) For the reasons outlined below, the Court **GRANTS** Plaintiff's IFP Motion.

**I.	MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**

All parties instituting a civil action in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). Under 28 U.S.C. § 1915, however, a litigant who because of indigency is unable to pay the required fees or security to commence a legal action may petition the court to proceed without making such payment. 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot

pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).  The facts of an affidavit of poverty must be stated "with some particularity, definiteness and certainty." *Id*. (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).  The determination of indigency falls within the district court's discretion.  *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993).

Here, Plaintiff states that he is unable to pay the costs of these proceedings.  (Doc. 2 at 1.)  Plaintiff is currently unemployed and receives income in the amount of $750 per month from public assistance payments.  (*Id*. at 2.)  Plaintiff has $5 in a checking or savings account.  (*Id*.)  The only asset Plaintiff owns is a 2000 Ford F-150 truck valued at $4,000.  (*Id*. at 3.)  Plaintiff's monthly expenses for rent, food, and laundry costs total $750.  (*Id*. at 4–5.)  After considering Plaintiff's application, the Court determines that Plaintiff cannot afford to pay the filing fee in this case and is eligible to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

Accordingly, the Court **GRANTS** Plaintiff's IFP Motion (Doc. 2).

## II.  SCREENING UNDER 28 U.S.C. § 1915(e)

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is subject to mandatory, sua sponte review and dismissal by the Court if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (noting 28 U.S.C. § 1915(e)(2)(B) is "not limited to prisoners").

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and emphases omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, "[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Here, Plaintiff alleges he was "cutting a tree" when a police officer with Defendant City of San Diego approached and "jumped Plaintiff and put him in a choke hold." (Doc. 1 ¶¶ 10–12.)  Plaintiff alleges that an ambulance and paramedics arrived, told the police officer to release Plaintiff because he "was having a mental breakdown," but the police officer continued to hold Plaintiff in a chokehold. (*Id*. ¶¶ 13–16.)  Plaintiff brings claims pursuant to 42 U.S.C. § 1983 for Defendants' use of excessive force, failure to supervise, and failure to train. (*Id*. ¶¶ 19–23.)  Based on the Court's review of Plaintiff's Complaint, the Court finds Plaintiff has sufficiently satisfied the minimal pleading standards above.

### III.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's IFP Motion is **GRANTED**.

2. The Clerk of Court is **DIRECTED** to issue a summons as to Plaintiff's complaint and forward it to Plaintiff along with a blank U.S. Marshals Form 285 for the named Defendants.  In addition, the Clerk of Court is **DIRECTED** to provide Plaintiff with certified copies of this Order and the Complaint (Doc. 1).

3. Upon receipt of these materials, Plaintiff is **DIRECTED** to complete Form 285 and forward the materials to the United States Marshals Service.

4. Upon receipt, the United States Marshals Service is **ORDERED** to serve a copy of the Complaint and summons upon the named Defendants as directed by Plaintiff on Form 285. The United States will advance all costs of service. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

**IT IS SO ORDERED**.

DATE:  July 28, 2022

*Ruth Bermudez Montenegro*
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE