UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| HECTOR SEGURA, | Case No.: 3:22-cv-01029-RBM-AHG |
|---|---|
| Plaintiffs, | **AMENDED SCHEDULING ORDER** |
| v. | |
| CITY OF SAN DIEGO, et al., | |
| Defendants. | |

On April 18, 2024, the Court granted Defendant's Motion for Judgment on the Pleadings, but allowed Plaintiff to file a second amended complaint no later than May 3, 2024. ECF No. 40. Plaintiff, a *pro se* litigant, filed a second amended complaint on May 20, 2024, seventeen days after this deadline. ECF No. 41.

On June 7, 2024, Defendant filed a Motion to Strike the Second Amended Complaint. ECF No. 42. The sole basis for Defendant's Motion to Strike is the late filing of the Second Amended Complaint, not any asserted concerns with the allegations therein. *Id.*

On the same day it filed its Motion to Strike based on untimeliness, Defendant filed a separate *Ex Parte* Application to Continue the Deadline to File Pretrial Motions. The declaration of counsel accompanying the *Ex Parte* Application indicates that the first

attempt by Defendant to confer with Plaintiff regarding continuing the deadline was on June 7, 2024, the same day that Defendant filed the *Ex Parte* Application. ECF No. 43-1 at 1–2.

The pretrial motion filing deadline was set for June 10, 2024, in the Court's August 16, 2023, Scheduling Order. ECF No. 28. Paragraph 16 of the Scheduling Order required the parties to review the chambers' rules for the judges assigned to this case. *Id.* The Undersigned's Chambers Rules require that requests for continuances be made "by a joint motion no less than seven calendar days before the affected date." Chmb.R. at 2, https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Civil%20Pretrial%20Procedures.pdf. Defendant's *Ex Parte* Application does not comply with those requirements. Defendant's request for continuance was made just three days before the applicable deadline, which was set nearly a year ago. The only reason given by Defendant for missing this deadline is that its counsel did not realize until June 7 that Plaintiff's Second Amended Complaint was filed late, even though Defendant acknowledges receiving the Second Amended Complaint on May 21, 2024. ECF No. 43-1 at 2.

The Court is faced with a situation where neither party has complied with its requirements. Plaintiff filed his Second Amended Complaint seventeen days after the Court's deadline, and after being admonished directly by the Court regarding his prior late filings. Defendant similarly failed to act with diligence in approaching Plaintiff regarding an extension of a deadline and in seeking Court relief from that deadline. In the balance, the Court declines to follow Defendant's "rules for thee, but not for me" approach. The Court finds it is therefore in the interests of justice to **ORDER** as follows:

1. The deadline for Plaintiff to file his Second Amended Complaint is *sua sponte* continued from May 3, 2024, to **May 20, 2024**, *nunc pro tunc*.

2. The Court **DENIES AS MOOT** Defendant's Motion to Strike Plaintiff's Complaint as Untimely, ECF No. 42, in light of the extension of that deadline.

3. Defendant must file a responsive pleading to Plaintiff's Second Amended Complaint on or before **June 27, 2024**.

4. The Court **GRANTS** Defendant's *Ex* Parte Motion to Continue the Pretrial Motion Filing Deadline, ECF No. 43, and continues the deadline to **July 11, 2024**. The parties must comply with the pretrial motion filing procedures set forth in the Court's Scheduling Order (ECF No. 28 at ¶¶ 7–8).

5. All other dates, deadlines, and procedures set forth in the Court's Scheduling Order (ECF No. 28) remain in place.

**IT IS SO ORDERED.**

Dated: June 13, 2024

_____
Honorable Allison H. Goddard
United States Magistrate Judge